# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 10-CR-0087-CVE |
| | ) | Civil No. 11-CV-633-CVE-FHM |
| GARRY DON SCOTT, JR., | ) | Civil No. 14-CV-0346-CVE-TLW |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 53). Defendant argues that he should be re-sentenced in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). He acknowledges that he has previously filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, but his current § 2255 motion does not mention the standards for the filing of a second or successive § 2255 motion. Dkt. # 53, at 4.

On September 9, 2009, a grand jury returned an indictment (Dkt. # 4) charging defendant with being a felon in possession of a firearm. United States of America v. Garry Don Scott, Jr., 09-CR-126-CVE, Dkt. # 2, (N.D. Okla. June 9, 2010) (Scott I). Defendant was released on bond and, on November, 12, 2009, he appeared for a change of plea hearing. At the change of plea hearing, defendant was advised that he would be subject to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Defendant changed his plea to guilty, and he was allowed to remain on bond pending his sentencing hearing. The sentencing hearing was set for April 30, 2010, but defendant failed to appear at the sentencing hearing and a warrant was

issued for his arrest. On June 9, 2010, a grand jury returned an indictment in this criminal case charging defendant with failure to appear and with being a felon in possession of a firearm. United States of Americ v. Garry Don Scott, Jr., 10-CR-187-CVE (N.D. Okla. June, 9, 2010) (Scott II). This was a separate firearm charge from the charge alleged in the indictment in Scott I.[1] Defendant pled guilty to the new charges of failure to appear and being a felon in possession of a firearm, in addition to the charge alleged in the indictment in Scott I. Defendant was sentenced to a total term of 262 months imprisonment.[2] Defendant filed a § 2255 motion alleging claims of ineffective assistance of counsel concerning his decision to change his plea to guilty in both cases. The motion was denied and defendant did not request a certificate of appealability from the Tenth Circuit Court of Appeals.

Defendant argues that his motion (Dkt. # 53) is timely under § 2255(f)(3), which states that the one year limitation period for filing a § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, defendant has already filed a § 2255 motion and his motion was denied. Scott I, Dkt. # 112; Scott II, Dkt. # 48. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive §

---

[1]     According to the presentence investigation report, an undercover federal agent arranged a meeting with defendant to discuss how to live off the land and evade law enforcement authorities. The undercover agent observed defendant in possession of a SKS Model 7.62 x 39 mm rifle, and defendant was taken into custody after he resisted arrest.

[2]     In Scott II, defendant was sentenced to 250 months on the firearm charge and 12 months on the failure to appear charge. The sentences were ordered to run consecutively. Dkt. # 36, at 2. In Scott I, defendant was sentenced to 250 months and the sentence was ordered to run concurrently with the sentence imposed in Scott II.

2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips

v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Even though the Court lacks jurisdiction over defendant's motion, the Court must consider whether the motion should be transferred to the Tenth Circuit or dismissed for lack of jurisdiction. Defendant argues that Descamps announced a new rule of law that was made applicable to cases on collateral review and that he would not be subject to sentencing under the ACCA based on the ruling in Descamps. In Descamps, the Supreme Court held that the California statute for burglary in the first degree was nondivisible, and that the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA. Descamps, 133 S. Ct. at 2285-86. Under the categorical approach, the Supreme Court found that the California burglary statute did not require breaking and entering as an element of the offense and a conviction under the statute did not constitute a generic burglary offense under the ACCA. Id. at 2292-93. Descamps concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law. The Tenth Circuit has found that intervening judicial interpretations of statutory law, such as the ACCA, do not constitute a new rule of constitutional law under § 2255(h)(2). Abernathy v. Wandes, 713 F.3d 538, 546-47 (10th Cir. 2013) (second or successive § 2255 could not be filed based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), because Chambers announced a new interpretation of the ACCA rather than a rule of constitutional law); United States v. Williams, 363 Fed. App'x 576 (10th Cir. Jan. 27, 2010) (Begay v. United States, 553 U.S. 137 (2008), provided a new

4

interpretation of the ACCA but it did not constitute a new rule of constitutional law).[3] Descamps did not announce a new rule of constitutional law and it is not likely that the Tenth Circuit would authorize the filing of a second or successive § 2255 motion based on Descamps. The Court declines to transfer defendant's motion to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 53) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 30th day of July, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.