# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0087-CVE |
| ) | Civil No. 11-CV-0633-CVE-FHM |
| GARRY DON SCOTT, JR., ) | Civil No. 14-CV-0346-CVE-TLW |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Relief Federal Rules of Procedure, F.R.Civ.P 60(b)(6) (Dkt. # 72) and Prisoner's Motion and Affidavit for Leave to Proceed pursuant to 28 U.S.C. § 1915 (Dkt. # 73).[1] Defendant appears to be arguing that he was improperly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), because his prior state court convictions should have been deemed invalid under a treaty with the Ponca Tribe of Oklahoma. Dkt. # 72, at 16-20. He argues that his advisory sentencing guideline range was incorrectly calculated, because the Court failed to group multiple firearm offenses in determining defendant's sentence. Id. at 10-14. He also claims that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found that the residual clause of the ACCA was unconstitutional.

On September 9, 2009, a grand jury returned an indictment (Dkt. # 4) charging defendant with being a felon in possession of a firearm. United States of America v. Garry Don Scott, Jr., 09-CR-126-CVE, Dkt. # 2, (N.D. Okla. June 9, 2010) (Scott I). Defendant was released on bond and,

---

[1] There is no filing fee for defendant's motion seeking relief under Fed. R. Civ. P. 60(b)(6), and his motion (Dkt. # 73) requesting leave to proceed in forma pauperis is moot.

on November, 12, 2009, he appeared for a change of plea hearing. At the change of plea hearing, defendant was advised that he would be subject to a mandatory minimum sentence of 15 years under the ACCA. Defendant changed his plea to guilty, and he was allowed to remain on bond pending his sentencing hearing. The sentencing hearing was set for April 30, 2010, but defendant failed to appear at the sentencing hearing and a warrant was issued for his arrest. On June 9, 2010, a grand jury returned an indictment in this criminal case charging defendant with failure to appear and with being a felon in possession of a firearm. United States of Americ v. Garry Don Scott, Jr., 10-CR-87-CVE (N.D. Okla. June, 9, 2010) (Scott II). This was a separate firearm charge from the charge alleged in the indictment in Scott I.[2] Defendant pled guilty to the new charges of failure to appear and being a felon in possession of a firearm, in addition to the charge alleged in the indictment in Scott I. Defendant was sentenced to a total term of 262 months imprisonment.[3] Defendant filed a § 2255 motion alleging claims of ineffective assistance of counsel concerning his decision to change his plea to guilty in both cases. The motion was denied and defendant did not request a certificate of appealability from the Tenth Circuit Court of Appeals.

Defendant filed a second § 2255 motion (Scott II, Dkt. # 53) seeking relief under Descamps v. United States, 133 S. Ct. 2276 (2013). The Court construed the motion as a second or successive

---

[2] According to the presentence investigation report, an undercover federal agent arranged a meeting with defendant to discuss how to live off the land and evade law enforcement authorities. The undercover agent observed defendant in possession of a SKS Model 7.62 x 39 mm rifle, and defendant was taken into custody after he resisted arrest.

[3] In Scott II, defendant was sentenced to 250 months on the firearm charge and 12 months on the failure to appear charge. The sentences were ordered to run consecutively. Dkt. # 36, at 2. In Scott I, defendant was sentenced to 250 months and the sentence was ordered to run concurrently with the sentence imposed in Scott II. The presentence investigation report (PSR) states that the firearm charges from both cases were grouped to determine the advisory guideline range.

§ 2255 motion and dismissed the motion for lack of jurisdiction. Scott II, Dkt. # 55. Defendant sought a certificate of appealability from the Tenth Circuit, and the Tenth Circuit found that defendant could not proceed with a second or successive § 2255 motion. Scott II, Dkt. # 71.

Defendant claims that he is entitled to relief under Fed. R. Civ. P. 60(b)(6), because his new claims are based on an intervening change in the law and the claims could not have been asserted in his initial § 2255 motion. Dkt. # 73, at 23-24. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion in considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant has not identified any procedural irregularity or defect in the Court's ruling on his initial § 2255 motion, and he has simply alleged new claims challenging the validity of his sentence. Defendant could have raised his claims concerning tribal membership and the alleged failure to group certain counts at any time while the criminal proceedings were pending or in his initial § 2255 motion. As to defendant's claim citing Johnson, the Tenth Circuit has determined that Johnson does not provide a basis for a criminal defendant to bring a second or successive § 2255 motion. In re Gieswein, 802 F.3d 1143 (10th Cir. 2015). Even if defendant could bring such a claim, defendant could have challenged the applicability of the ACCA during sentencing proceedings or in his initial § 2255 motion, and defendant was not prohibited from asserting such a claim due to a procedural defect in the criminal proceedings. Defendant's motion challenges the validity of his sentence, rather than a procedural irregularity, and his motion is not a "true" Rule 60(b)(6) motion.

Defendant could be arguing that he should be permitted to assert his Johnson claim under the savings clause of § 2255. Dkt. # 72, at 23. Under § 2255(e), a defendant who has already filed an unsuccessful § 2255 motion may not file a second § 2255 motion "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." In exceptional circumstances, a federal prisoner may proceed under 28 U.S.C. § 2241 if he can establish that the remedy provided by § 2255 is inadequate or ineffective. Cleaver v. Maye, 773 F.3d 230 (10th Cir. 2014). The Tenth Circuit has explained that the circumstances under which the savings clause might apply are "extremely limited," and it is the prisoner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2013). The Court finds that defendant has not shown that § 2255 provided an inadequate or

ineffective remedy and he may not resort to the savings clause. In Prost, the Tenth Circuit rejected the defendant's argument that an intervening Supreme Court decision provided a basis for the defendant to proceed under the savings clause, because the defendant was not barred by any defect in the § 2255 process from bringing such a claim in his initial § 2255 motion. Id. at 589 (Tenth Circuit rejected the defendant's argument that Supreme Court decision in United States v. Santos, 553 U.S. 507 (2008), provided basis to bring a claim under the savings clause, because defendant could have raised similar claim in his § 2255 motion). In this case, defendant could have challenged the applicability or constitutionality of the ACCA's residual clause in his initial § 2255 motion, even though Johnson had not been decided, and he has not shown that § 2255 provided an ineffective remedy.

The Court finds that defendant's motion should be treated as a second or successive § 2255 motion. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Even though the Court lacks jurisdiction over defendant's motion, the Court must consider whether the motion should be transferred to the Tenth Circuit or dismissed for lack of jurisdiction. The Tenth Circuit has determined that Johnson does not provide a basis for a federal prisoner to proceed with a second or successive § 2255 motion, and there is no reason to transfer this claim to the Tenth Circuit. See In re Gieswein, 802 F.3d at 1148-49. Defendant's remaining claims do not raise constitutional issues and there is no possibility that he could be permitted to assert these claims in a second or successive § 2255 motion. The Court declines to transfer defendant's motion to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief Federal Rules of Procedure, F.R.Civ.P 60(b)(6) (Dkt. # 72) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion and Affidavit for Leave to Proceed pursuant to 28 U.S.C. § 1915 (Dkt. # 73) is **moot**.

**DATED** this 9th day of November, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE