UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-0087-CVE |
| | ) | Civil No. 11-CV-0633-CVE-FHM |
| GARRY DON SCOTT, JR., | ) | Civil No. 14-CV-0346-CVE-TLW |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Petition for Records and Assistance for Relief of Treaty Violations (Dkt. # 76). Although styled as a request for records, defendant is actually asking the Court to find that his federal criminal convictions are invalid due to his status as a member of an Indian tribe. Dkt. # 76, at 15. He could also be collaterally attacking the validity of his state court convictions under a theory that the convictions were obtained in violation of a treaty. Id. at 19.

On September 9, 2009, a grand jury returned an indictment (Dkt. # 4) charging defendant with being a felon in possession of a firearm. United States of America v. Garry Don Scott, Jr., 09-CR-126-CVE, Dkt. # 2, (N.D. Okla. June 9, 2010) (Scott I). Defendant was released on bond and, on November, 12, 2009, he appeared for a change of plea hearing. At the change of plea hearing, defendant was advised that he would be subject to a mandatory minimum sentence of 15 years under the ACCA. Defendant changed his plea to guilty, and he was allowed to remain on bond pending his sentencing hearing. The sentencing hearing was set for April 30, 2010, but defendant failed to appear at the sentencing hearing and a warrant was issued for his arrest. On June 9, 2010, a grand jury returned an indictment in this criminal case charging defendant with failure to appear and with

being a felon in possession of a firearm. United States of Americ v. Garry Don Scott, Jr., 10-CR-87-CVE (N.D. Okla. June, 9, 2010) (Scott II). This was a separate firearm charge from the charge alleged in the indictment in Scott I.[1] Defendant pled guilty to the new charges of failure to appear and being a felon in possession of a firearm, in addition to the charge alleged in the indictment in Scott I. Defendant was sentenced to a total term of 262 months imprisonment.[2] Defendant filed a § 2255 motion alleging claims of ineffective assistance of counsel concerning his decision to change his plea to guilty in both cases. The motion was denied and defendant did not request a certificate of appealability from the Tenth Circuit Court of Appeals.

Defendant filed a second § 2255 motion (Scott II, Dkt. # 53) seeking relief under Descamps v. United States, 133 S. Ct. 2276 (2013). The Court construed the motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Scott II, Dkt. # 55. Defendant sought a certificate of appealability from the Tenth Circuit, and the Tenth Circuit found that defendant could not proceed with a second or successive § 2255 motion. Scott II, Dkt. # 71. Defendant filed a motion for relief under Fed. R. Civ. P. 60(b) and he argued that his sentence was improperly enhanced based on invalid state court convictions. Scott I, Dkt. # 118; Scott II, Dkt. # 72. He argued that the state of Oklahoma had no authority to prosecute a member of the Ponca Tribe

---

[1] According to the presentence investigation report, an undercover federal agent arranged a meeting with defendant to discuss how to live off the land and evade law enforcement authorities. The undercover agent observed defendant in possession of a SKS Model 7.62 x 39 mm rifle, and defendant was taken into custody after he resisted arrest.

[2] In Scott II, defendant was sentenced to 250 months on the firearm charge and 12 months on the failure to appear charge. The sentences were ordered to run consecutively. Dkt. # 36, at 2. In Scott I, defendant was sentenced to 250 months and the sentence was ordered to run concurrently with the sentence imposed in Scott II. The presentence investigation report (PSR) states that the firearm charges from both cases were grouped to determine the advisory guideline range.

(the Tribe) without the consent of the Tribe and that his state court convictions should be deemed invalid. The Court found that defendant's motion was not a "true" motion for reconsideration and the Court dismissed defendant's motion for lack of jurisdiction. Scott I, Dkt. # 120; Scott II, Dkt. # 74.

Scott has now filed a motion styled as a request for records, but he is actually asking the Court to invalidate his state and federal convictions or to reduce his federal sentence. Dkt. # 76, at 30. The Court finds that defendant's motion should be treated as a second or successive § 2255 motion. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249,

1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Defendant directly challenges the validity of his federal convictions and sentence and his arguments could have been raised in his initial § 2255 motion, and the Court has determined that his motion (Dkt. # 76) should be treated as a second or successive § 2255 motion. Defendant argues that he is a member of the Tribe and that the state of Oklahoma and the federal government have prosecuted him in violation of a treaty with the Tribe, because neither the state nor federal government requested consent from the Tribe to prosecute defendant. This argument was available to defendant when he filed his initial § 2255 motion and the argument is not based on newly discovered evidence or a change in the law. The law is also well-settled that a criminal defendant may not use a § 2255 motion to challenge the validity of a state court conviction unless that conviction was obtained in violation of his right to counsel. Daniels v. United States, 532 U.S. 374, 382 (2001). The Court lacks jurisdiction to consider defendant's second or successive § 2255 motion and the Court finds no likelihood that a meritorious claim will be lost absent a transfer of the

4

motion to the Tenth Circuit. The Court declines to transfer the motion to the Tenth Circuit and the motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Petition for Records and Assistance for Relief of Treaty Violations (Dkt. # 76) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 27th day of January, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE